UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| WRS HOLDING COMPANY, | Case No. 8:14-bk-08588 |
| COMPASS ENVIRONMENTAL, INC., | Case No. 8:14-bk-08592 |
| WRS INFRASTRUCTURE & ENVIRONMENT, INC., | Case No. 8:14-bk-08593 |
| Debtors. | |

_____/

## DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION

WRS Holding Company ("WRS Holding"), Compass Environmental, Inc. ("Compass Environmental") and WRS Infrastructure & Environment, Inc. ("WRS Infrastructure," with WRS Holding and Compass Environmental, the "Debtors")[1], by and through their undersigned proposed counsel, pursuant to 11 U.S.C. § 101(2), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Federal Rules") and Local Rule 1015-1, file this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit A** authorizing the joint administration of their chapter 11 cases.  In support of this Motion, the Debtors rely upon the *Declaration in Support of First Day Pleadings* (the "First Day Declaration") filed on the Petition Date, and respectfully represent the following:

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) WRS Holding Company (2129); (ii) Compass Environmental, Inc. (9637); and (iii) WRS Infrastructure & Environment, Inc. (0585).  The address for all of the Debtors is 221 Hobbs Street, Suite 108, Tampa, Florida 33619.

## Preliminary Statement

1.      The Debtors estimate that, in the aggregate, they have in excess of 650 creditors and other parties in interest in these chapter 11 bankruptcy cases.  Joint administration will allow for the efficient and convenient administration of all of these chapter 11 cases, will yield significant cost savings that will inure to the benefit of all interested parties, and will not harm the substantive right of any party in interest.  In particular, joint administration will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving considerable time and expense for the Debtors and their estates, and will lessen the administrative burden on this Court.  The Debtors believe that the relief requested in this Motion is needed immediately to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date (as defined below).  The Court is authorized to grant the relief requested herein without notice and a hearing at its discretion.  The Debtors anticipate that their principal secured and unsecured creditors would not oppose the relief requested herein, which seeks procedural relief only.

## Jurisdiction

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  Each of the Debtors is an affiliate of the other as contemplated by section 101(2) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

3.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors are operating their businesses and managing their affairs as debtors

2

5829609-2

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     WRS Holding owns 100% of the equity in each of WRS Infrastructure and Compass Environmental.   For over 28 years, the Debtors have provided high quality environmental, remediation and civil construction services with an experience, highly skilled technical and professional workforce.   The Debtors are headquartered in Tampa, FL, but have operations throughout the United States.

6.     For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties-in-interest to the First Day Declaration.

## Relief Requested

7.     The Debtors seek entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8.     The Debtors specifically request that their chapter 11 cases be jointly administered under the lowest case number of WRS Holding Company.

9.     The Debtors also request that if the cases are initially assigned to different judges, that the cases are transferred to the judge to whom the lowest numbered case was assigned.

## Basis For Relief

10.     Bankruptcy Rule 1015(b) provides, in relevant part, as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Bankruptcy Rule 1015(b).

11.     As described in the First Day Declaration, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  The Debtors operated as an integrated business with common ownership and control.  The Debtors also share a number of financial and operational systems.  As a result, many of the motions, hearings and orders that will arise in

3

these cases will affect each and every Debtor.

12.      Bankruptcy Rule 1015 promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re PL Liquidation Corp.,* 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons,* 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.,* 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982).  While the Debtors constitute separate and distinct entities, the issues that will be addressed in these bankruptcy cases will be related and overlapping.  Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

13.      The Debtors submit that joint administration of their chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings and orders, and will therefore save considerable time and expense for the Debtors and their estates.

14.      The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates.  As such, the Debtors will continue as separate and distinct legal entities and will continue to maintain their books and records in the ordinary course.  Moreover, each creditor may still file its proof of claim against a particular estate.  In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.  The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.  Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified.

15.      The Debtors also seek the Court's direction that a notation substantially similar to

the following notation be entered in the docket of each of the Debtors' cases to reflect the joint administration of the cases:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) WRS Holding Company; (ii) Compass Environmental, Inc.; and (iii) WRS Infrastructure & Environment, Inc.  The docket of WRS Holding Company (Case No. 8:14-bk-08588) should be consulted for all matters affecting this case.

16.      Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of the Debtors, their estates, and other parties-in-interest.

**WHEREFORE**, the Debtors respectfully request entry of an order, in the form annexed hereto as **Exhibit A,** authorizing the joint administration of these chapter 11 cases for procedural purposes only and granting such other and further relief as is just and equitable.

Dated:  July 25, 2014                              Respectfully submitted,

BERGER SINGERMAN LLP
*Proposed Counsel for Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
and
2650 North Military Trail, Ste. 240
Boca Raton, FL 33431
Telephone:  (561) 241-9500
Facsimile:  (561) 998-0028

By:    */s/ Jordi Guso*
      Jordi Guso
      Florida Bar No. 863580
      jguso@bergersingerman.com
      Paul Avron
      Florida Bar No. 050814
      pavron@bergersingerman.com

5829609-2

**<u>EXHIBIT "A"</u>**
**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| WRS HOLDING COMPANY, | Case No. 8:14-bk-08588 |
| COMPASS ENVIRONMENTAL, INC., | Case No. 8:14-bk-08592 |
| WRS INFRASTRUCTURE & ENVIRONMENT, INC., | Case No. 8:14-bk-08593 |
| Debtors. | |

_____/

## ORDER GRANTING DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION

**THIS MATTER** came before the Court, without a hearing, upon the *Debtors' Ex Parte Motion for Joint Administration* [ECF No. __] (the "Motion") filed by WRS Holding Company ("WRS Holding"), Compass Environmental, Inc. ("Compass Environmental") and WRS Infrastructure & Environment, Inc. ("WRS Infrastructure," with WRS Holding and Compass Environmental, the "Debtors").  The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtors.  The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (v) pursuant to Local Rule 1015-1, the Court is authorized to grant the Motion without a hearing at its discretion; and (vi) upon the record herein after good and sufficient cause existing for the granting of the relief as set forth herein; it is

**ORDERED** that:

1.      The Motion is **GRANTED**.

2.      The above-captioned bankruptcy cases shall be jointly administered.  Case No. 8:14-bk-08588 is designated as the "lead case."  Case Nos. 8:14-bk-08592 and 8:14-bk-08593 are transferred to the undersigned judge.

3.      A single case docket and court file will be maintained hereunder under the "lead case" number.

4.      Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

5.      The style of these jointly administered cases shall be in the style set forth below:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                      Chapter 11 Cases

WRS HOLDING COMPANY, *et al.*,          Case No. 8:14-bk-08588
                                                            (Jointly Administered)
                Debtors.
_____/

6.      Pleadings filed in other than the lead case shall be captioned under the lead case name(s) and case number followed by the words "(Jointly Administered)" and beneath that caption, the case names and numbers for the cases in which the document is being filed.  Claims filed shall indicate only the case name and number of the case in which the claim is asserted.  Separate claims registers shall be maintained for each case.

7.      Parties may request joint hearings on matters pending in any of the jointly administered cases.

8.      A docket entry shall be made in each of the Debtors' cases substantially as follows:

An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) WRS Holding Company; (ii) Compass Environmental, Inc.; and WRS Infrastructure & Environment, Inc. The docket of WRS Holding Company (Case No. 8:14-bk-08588) should be consulted for all matters affecting this case.

9.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation or interpretation of this Order.

**DONE** and **ORDERED** in Tampa, Florida on _____.


_____
Honorable
United States Bankruptcy Judge


**Copy to Jordi Guso, Esq.**, Berger Singerman LLP, 1450 Brickell Ave., Suite 1900, Miami, FL 33131.