UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11 Cases

WRS HOLDING COMPANY, *et al.*,[1]               Case No. 14-_____
                                                (Joint Administration Pending)

                    Debtors.
_____/

### DEBTORS' APPLICATION FOR APPROVAL, ON AN INTERIM AND A FINAL BASIS, OF THE RETENTION OF JORDI GUSO AND THE LAW FIRM OF BERGER SINGERMAN LLP AS COUNSEL FOR DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

WRS Holding Company ("WRS Holding"), Compass Environmental, Inc. ("Compass Environmental") and WRS Infrastructure & Environment, Inc. ("WRS Infrastructure," with WRS Holding and Compass Environmental, the "Debtors"), pursuant to 11 U.S.C. §§ 327(a) and 330, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure and Local Rules 1074-1 and 2090-1 of the United States Bankruptcy Court for the Middle District of Florida, hereby file this application (the "Application"), seeking approval on an interim and final basis of the employment of Jordi Guso and the law firm of Berger Singerman LLP ("Berger Singerman"), to represent the debtors-in-possession as general counsel in these chapter 11 cases. In support of the Application, the Debtors rely upon the *Declaration in Support of First Day Pleadings* (the "First Day Declaration") and the *Declaration of Jordi Guso, on Behalf of Berger Singerman LLP as Proposed Counsel for Debtors-In-Possession, Nunc Pro Tunc to the Petition*

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) WRS Holding Company (2129); (ii) Compass Environmental, Inc. (9637); and (iii) WRS Infrastructure & Environment, Inc. (0585).  The address for all of the Debtors is 221 Hobbs Street, Suite 108, Tampa, Florida 33619.

*Date* attached hereto as **Exhibit A** (the "Guso Declaration"), and respectfully represent the following:

**Jurisdiction**

1.        This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this case and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 327(a) and 330 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1074-1 and 2090-1 of the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules").

**Background**

2.        On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.        The Debtors are operating their business and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.        WRS Holding owns 100% of the equity in each of WRS Infrastructure and Compass Environmental.  For over 28 years, the Debtors have provided high quality environmental, remediation and civil construction services with an experience, highly skilled technical and professional workforce.  The Debtors are headquartered in Tampa, FL, but have operations throughout the United States.

5.        For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

**Facts Specific to the Relief Requested**

6.     The Debtors seek to retain Berger Singerman because of Berger Singerman's recognized experience and knowledge relating to complex business reorganizations under chapter 11 of the Bankruptcy Code.  The Debtors also seek to retain Berger Singerman because of its recognized experience in litigation, tax and real estate, intellectual property and corporate matters in large transactions involving all types of business entities.  As a result of its work for the Debtors, Berger Singerman is familiar with the Debtors' corporate and capital structure, management team, strategic possibilities, stakeholders and various other aspects of their businesses.  Accordingly, the Debtors believe that the retention of Berger Singerman will provide continuity of service and enhance efficiency and is in the best interests of the Debtors.

7.     The Debtors retained Berger Singerman pursuant to the terms of that certain engagement letter, dated as of July 10, 2014, by and among each of the Debtors and Berger Singerman.

8.     The professional services that Berger Singerman will render include, but are not limited to, the following:

    (a)     To give advice to the Debtors with respect to their powers and duties as debtors-in-possession and the continued management of their business operations;

    (b)     To advise the Debtors with respect to their responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

    (c)     To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of these cases;

(d)    To protect the interests of the Debtors in all matters pending before the Court; and

(e)    To represent the Debtors in negotiations with their creditors and in the preparation of a plan.

9.    Berger Singerman intends to apply to this Court for allowance of compensation and reimbursement of expenses for the legal services it renders in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders of this Court and guidelines established by the U.S. Trustee (the "U.S. Trustee Guidelines").

## Relief Requested

10.    By this Application, the Debtors request entry of an order authorizing the Debtors to retain and employ Berger Singerman as their attorneys in their chapter 11 cases effective *nunc pro tunc* to the Petition Date pursuant to section 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 1074-1 and 2090-1.

## Basis for Relief

11.    Pursuant to Local Rule 1074-1, the Debtors must appear and be heard only through counsel permitted to practice in the Court pursuant to Local Rule 2090-1.  The Debtors believe that the attorneys of Berger Singerman are qualified to practice in this Court and are qualified to advise the Debtors on their relations with, and responsibilities to, the creditors and other interested parties.

12.    The Debtors seek retention of Berger Singerman as their counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval;

> …may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested

> persons, to represent or assist the trustee in carrying out the
> trustee's duties under this title.

11 U.S.C. § 327(a).

13.      Bankruptcy Rule 2014(a) requires that an application for retention include:

> …specific facts showing the necessity for the employment, the
> name of the person to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all
> of the person's connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

14.      For all of the reasons stated in this Application and the First Day Declaration, the Debtors believe that the retention of Berger Singerman is warranted and necessary, and therefore, satisfies Bankruptcy Rule 2014(a). The Debtors also believe that it is in the best interests of their estates to retain Berger Singerman as general counsel in these chapter 11 cases.

15.      To the best of the Debtors' knowledge, except as disclosed in the Guso Declaration, neither Jordi Guso nor Berger Singerman has any connection with the creditors or other parties in interest or their respective attorneys.  As set forth in the Guso Declaration, to the best knowledge of Jordi Guso, he, and Berger Singerman do not represent any interest adverse to the Debtors.

16.      The Guso Declaration, containing a verified statement as required under Bankruptcy Rule 2014, is attached and demonstrates that under these circumstances, Jordi Guso and Berger Singerman are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code.

17.      Berger Singerman will apply for compensation and reimbursement of costs, pursuant to sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be

adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors. Delay in obtaining approval until a final hearing is scheduled will cause immediate and irreparable harm to the Debtors.

18.     The Debtors seek entry of an order, on an interim basis, approving the employment of Berger Singerman, and scheduling a final hearing to consider the Application.

**WHEREFORE**, the Debtors respectfully request entry of an order in the form attached hereto as **Exhibit B** (i) approving, on an interim basis, the Debtors' employment of Jordi Guso and the law firm of Berger Singerman LLP as general counsel to the Debtors in these cases, *nunc pro tunc* to the Petition Date; (ii) scheduling a final hearing on the Application; and (iii) for such other and further relief as the Court deems just and proper.

Dated:  July 25, 2014              WRS HOLDING COMPANY
                                   COMPASS ENVIRONMENTAL, INC.
                                   WRS INFRASTRUCTURE AND
                                       ENVIRONMENTAL, INC.


                                   221 Hobbs Street, Suite 108
                                   Tampa, FL 33619


                                   By: _____
                                       Name:  Brian Finn
                                       Title:  Treasurer of WRS Holding Company
                                           and Compass Environmental, Inc.
                                           Vice President of Finance of WRS
                                           Infrastructure & Environment, Inc.

# EXHIBIT "A"

**(Guso Declaration)**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                  Chapter 11 Cases

WRS HOLDING COMPANY, *et al.*,[1]          Case No. 14-_____
                                                        (Joint Administration Pending)

                Debtors.

_____/

**DECLARATION OF JORDI GUSO, ON BEHALF OF
BERGER SINGERMAN LLP, AS PROPOSED COUNSEL FOR
DEBTORS-IN-POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

      1.      I am Jordi Guso.  I am an attorney and shareholder of the law firm of Berger Singerman LLP ("Berger Singerman").  Our firm maintains offices for the practice of law at 350 E. Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301; 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131; 2650 North Military Trail, Suite 240, Boca Raton, FL  33431-7291; and 125 South Gadsden Street, Suite 300, Tallahassee, Florida  32301.  I am familiar with the matters set forth herein and make this declaration ("Declaration") in support of the *Debtors' Application for Approval, on an Interim and Final Basis, of the Retention of Jordi Guso and the Law Firm of Berger Singerman LLP as Counsel for the Debtors in Possession, Nunc Pro Tunc, to the Petition Date* (the "Application").

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) WRS Holding Company (2129); (ii) Compass Environmental, Inc. (9637); and (iii) WRS Infrastructure & Environment, Inc. (0585).  The address for all of the Debtors is 221 Hobbs Street, Suite 108, Tampa, Florida 33619.

2.      In support of the Application, I disclose the following:

a.      Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

b.      In preparing this Declaration, I reviewed (i) lists of all of the creditors, equity holders, and current employees of the Debtors as provided to us by the Debtors; and (ii) results of UCC searches performed in Florida, Delaware, North Carolina, and Texas and on each of the Debtors.  I compared the information obtained thereby with the information contained in our law firm's client and adverse party conflict check index system, which Berger Singerman has maintained since at least 1994.  The facts stated in this Declaration as to the relationship between lawyers in our law firm and the Debtors, the creditors of the Debtors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check index system.  Specifically, I have caused to be conducted (i) a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph 2(b) and (ii) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtors and the Debtors' creditors.  Based upon such search, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Berger Singerman.

3.      Berger Singerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm, and it is the regular practice of the firm to make and maintain these records.  It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  Our firm maintains a department which keeps this system up-to-date, and I

regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

    4.    A search of our firm's conflicts check system revealed the following matters, none of which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

    a)    *AT&T* is listed as a creditor of one or more of the Debtors. Berger Singerman previously represented *AT&T* in matters that are wholly unrelated to the instant bankruptcy cases. In addition, Berger Singerman represented *AT&T Latin America Corporation* as a debtor in possession in a Chapter 11 bankruptcy proceeding that is wholly unrelated to the instant bankruptcy cases. Further, Berger Singerman has represented a number of clients who are adverse to *AT&T* in that they have incurred a debt to *AT&T* in matters wholly unrelated to the instant bankruptcy cases;

    b)    *Better Roads, Inc.* is listed as a creditor of one or more of the Debtors. Berger Singerman represents *Better Roads, Inc.* in several matters that are wholly unrelated to the instant bankruptcy cases;

    c)    *Office Depot* is listed as a creditor of one or more of the Debtors. Berger Singerman represents *Office Depot* in several matters involving lease, vendor and/or trademark disputes that are wholly unrelated to the instant bankruptcy cases;

    d)    *Reed Smith* is listed as a creditor of one or more of the Debtors. Berger Singerman represents *Reed Smith* in a real estate matter wholly unrelated to the instant bankruptcy cases;

    e)    There are numerous creditors of one or more of the Debtors which have been creditors of, or adverse to, other entities represented by Berger Singerman in cases and matters wholly unrelated to the instant bankruptcy cases. These creditors include *Action Mobile Industries; Airgas; Airgas Safety; Allied Engineering & Testing; Allied Waste Services; American Arbitration*

5831345-2        3

Association; American Express; Amquip Crane Rental; Aramark Uniforms; BFI Waste Service, LLC; Bakercorp; Bank of America; Bank of the West; Barnes Industrial Plastic Piping; C A Short Company; Candlewood Suites; Centurylink; Chastain Skillman, Inc.; Crystal Springs; CT Corporation; City of Jacksonville; CDW Direct, LLC; Daniel's Plumbing Services, Inc.; DC Treasurer; Dell Financial Services; Deltek, Inc.; Directv, LLC; DSM; Earthworks, Inc.; Federal Express; Florida Public Utilities; Florida Track and Power; Grainger; Hertz Equipment Rental; Iron Mountain; Langan Engineering; Linder Industrial; Lonesource, Inc.; McMaster-Carr; Menards; Mobile Mini, LLC; Modular Space Corp.; National Union Fire Insurance; Navigant Consulting, Inc.; Neff Rental, Inc.; Pitney Bowes; Polar, Inc.; Rain for Rent; Ray's Trash Service; Rent All; Residence Inn; Ricoh USA; Ring Power Corporation; Rinker Materials; Royal Flush Plumbing & Heating Services; S&ME, Inc.; SCE&G; Smith Brothers Oil Company, Inc.; Sonitrol; South Florida Land Clearing, Inc.; Sprint; Sunbelt Rentals; Tampa Electric; Tyco Integrated Security, LLC; U.S. Environmental Rental Corp.; Unifirst Corporation; United Parcel Service; United Rentals, Inc.; Verizon; Verizon Florida, Inc.; Waste Industries; Waste Management; Wells Fargo Bank; Wells Fargo Equipment Finance; Williams Scotsman, Inc.; Windstream Communications; Zee Medical Services; Zep Sales & Services; and Zephyrhills;

f)    Individuals by the names of Charles Bartlett; Hector Lopez; Michael Miller; James Nelson; Luz Perez; Anthony Peters; and Alan Scott (the "Individuals") are listed as employees of WRS Infrastructure & Environment, Inc.  Berger Singerman has represented third parties in wholly unrelated matters whose interests may have been adverse to one or more of the Individuals. It is impossible for our firm to confirm with certainty that the individuals associated with the third party representations are the same Individuals listed as employees of WRS Infrastructure & Environment, Inc.; and

g)        Berger Singerman represents privately held as well as public companies in out of court restructuring matters (the "Non-Debtor Clients").  Several creditors of the instant Debtors may be creditors of one or more of our firm's Non-Debtor Clients.  Berger Singerman's representation of the Non-Debtor Clients does not impair Berger Singerman's disinterestedness or its ability to represent the Debtors in these cases.

5.        Berger Singerman submits that none of the foregoing representations or connections constitutes any conflict of interest or in any way impairs its disinterestedness in these cases.

6.        Other than as set forth in this declaration, Berger Singerman neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of section 101(14) of the Bankruptcy Code.

7.        Neither I nor our firm has or will represent any other entity in connection with these cases, and neither I nor our firm will accept any fee from any other party or parties in these cases, except the Debtors-in-Possession, unless otherwise authorized by the Court.

8.        On July 10, 2014, the Debtors retained Berger Singerman to act as their legal counsel in connection with insolvency and restructuring matters.  Since that date, Berger Singerman has provided pre-petition services to the Debtors.

9.        On July 15, 2014, Berger Singerman received an initial retainer from WRS Infrastructure & Environment, Inc. in the amount of $25,000.00, which was deposited into Berger Singerman's trust account, to be held by Berger Singerman as security for the payment of its fees and costs.

10.        Thereafter, Berger Singerman   received the following payments from WRS Infrastructure & Environment, Inc. on account of its pre-petition services on behalf of the Debtors:

July 21, 2014      -      $21,152.50

July 25, 2014      -      $50,000.00

11.     After application of the payments set forth in paragraph 10, Berger Singerman is not owed any money for pre-petition services.

12.     On July 25, 2014, Berger Singerman received a bankruptcy retainer from WRS Infrastructure & Environment, Inc. in the amount of $200,000.00 which is being held in trust along with the initial retainer of $25,000.00.

13.     As of the Petition Date, Berger Singerman  holds the sum of $225,000.00.00 (the "Bankruptcy Retainer") in its trust account, which will be held as security for the fees ($200,000.00) and costs ($25,000.00) that may be awarded as compensation to it by the Court.

14.     Berger Singerman is not a creditor of, and asserts no prepetition claim against the Debtors.

15.     The professional fees and costs incurred by Berger Singerman in the course of its representation of the Debtors in these cases shall be subject in all respects to the application and notice requirements of sections 327, 330 and 331 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

16.     The current hourly rates for the attorneys at Berger Singerman range from $250.00 to $670.00.  My current hourly rate is $610.00 and my colleague, Paul Avron's current hourly rate is $510.00.  The current hourly rates for the associate attorneys who will work on these cases range from $250.00 to $435.00.  The current hourly rates for the legal assistants and paralegals at Berger Singerman range from $85.00 to $225.00.  Berger Singerman typically adjusts its hourly rates annually on January 1st.

17.     There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm.  No promises have been received by Berger Singerman nor any member, or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

18.     No attorney in our firm holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

19.     No attorney in our firm is or has served as an officer, director or employee of the Debtors within two years before the date hereof (the "Petition Date").

20.     No attorney in our firm is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

21.     No attorney in our firm is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

22.     No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

23.     No attorney in our firm has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the filing of these petitions.

24.     No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

25.     Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the Office

of the United States trustee, on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

26.     This concludes my Declaration.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 25, 2014.

_/s/  Jordi Guso_____
JORDI GUSO

**<u>EXHIBIT "B"</u>**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11 Cases

WRS HOLDING COMPANY, *et al.*,[1]               Case No. 14-_____
                                                (Joint Administration Pending)

                    Debtors.
_____/

### INTERIM ORDER APPROVING THE EMPLOYMENT OF JORDI GUSO AND THE LAW FIRM OF BERGER SINGERMAN LLP AS COUNSEL FOR THE DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO PETITION DATE

**THIS MATTER** came before the Court on the _____ day of July, 2014 at _____ a.m./p.m. in

Tampa, Florida, upon the *Debtors' Application for Approval, on an Interim and a Final Basis, of the*

*Retention of Jordi Guso and the Law Firm of Berger Singerman LLP as Counsel for the Debtors-in-*

*Possession Nunc Pro Tunc to the Petition Date* [ECF No. ____] (the "Application"), the *Declaration*

*in Support of First Day Pleadings* [ECF No. __] (the "First Day Declaration"), and the *Declaration*

*of Jordi Guso, on Behalf of Berger Singerman LLP, as Proposed Counsel for Debtors-in-Possession,*

*Nunc Pro Tunc to the Petition Date* (the "Guso Declaration") attached to the Application as **Exhibit**

**A.**  The Application requests entry of interim and final orders approving the Debtors' employment

of Berger Singerman LLP to represent it as general counsel in these chapter 11 cases.  The Court has

jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b).

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper before this Court

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) WRS Holding Company (2129); (ii) Compass Environmental, Inc. (9637); and (iii) WRS Infrastructure & Environment, Inc. (0585).  The address for all of the Debtors is 221 Hobbs Street, Suite 108, Tampa, Florida 33619.

5831285-1

pursuant to 28 U.S.C. §§ 1408 and 1409.  The relief requested in the Application is in the best

interests of the Debtors, their estates and creditors.  The Guso Declaration makes relevant disclosures

as required by Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules").  The Guso Declaration contains a verified statement as required by Bankruptcy Rule 2014

demonstrating that Jordi Guso and Berger Singerman LLP are disinterested as required by section

327(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Pursuant to

section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Court is authorized to grant

the relief requested in the Application.  Upon the record herein, and after due deliberation thereon

good and sufficient cause exists for the granting of the relief as set forth herein.  Accordingly, it is

hereby

     **ORDERED** that:

1.       The Application is **GRANTED** on an interim basis.

2.       The employment by the Debtors, as debtors-in-possession, of Jordi Guso and the law

firm of Berger Singerman LLP, as general counsel, in these chapter 11 cases is **APPROVED**

pursuant to section 327(a) of the Bankruptcy Code, on an interim basis, pending a final hearing as set

forth below.

3.       The employment of Jordi Guso and the law firm of Berger Singerman LLP by the

Debtors shall be *nunc pro tunc* to the Petition Date.

4.       Berger Singerman LLP shall apply for compensation and reimbursement of costs,

pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and

any order approving interim compensation, at its ordinary rates, as they may be adjusted from time to

time, for services rendered and costs incurred on behalf of the Debtors.  Berger Singerman LLP will

apply for compensation and reimbursement of costs.

5.      Berger Singerman shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

6.      The Court shall conduct a final hearing (the "Final Hearing") on the Application on **August __, 2014 at _____.m., United States Bankruptcy Court, Sam Gibbons United States Courthouse, 801 N. Florida Avenue,  Courtroom [ ___], Tampa, Florida 33602.**

7.      Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

8.      In the event the Application is not granted on a final basis, Berger Singerman LLP shall be authorized to submit a fee application with this Court for compensation for fees and expenses incurred in the period between the Petition Date and the Final Hearing.

9.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

        **DONE** and **ORDERED** in Tampa, Florida on _____.


        _____
        Honorable
        United States Bankruptcy Judge

**Copy to Jordi Guso, Esq.**, Berger Singerman LLP, 1450 Brickell Ave., Suite 1900, Miami, FL 33131.