UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Chapter 11 Cases

WRS HOLDING COMPANY, *et al.*,[1]              Case No. 14-_____
                                                               (Joint Administration Pending)

          Debtors.
_____/

**DEBTORS' EMERGENCY OMNIBUS MOTION TO REJECT
EXECUTORY CONTRACTS AS OF THE PETITION DATE**

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND CONTRACTS ON THE ATTACHED EXHIBIT A. EXHIBIT A LISTS THE NAME OF THE PARTY TO THE CONTRACT ALPHABETICALLY.**

WRS Holding Company ("WRS Holding"), Compass Environmental, Inc. ("Compass Environmental") and WRS Infrastructure & Environment, Inc. ("WRS Infrastructure," with WRS Holding and Compass Environmental, the "Debtors"), by and through undersigned counsel, pursuant to 11 U.S.C. § 365(a) and Bankruptcy Rule 6006, file this motion (the "Motion") seeking the entry of an order approving the applicable Debtor's rejection of the executory contracts set forth in **Exhibit A** (collectively, the "Contracts") as of the Petition Date. In support of the Motion, the Debtors rely upon the *Declaration in Support of First Day Pleadings* (the "First Day Declaration") which is filed concurrently herewith, and respectfully represent as follows:

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) WRS Holding Company (2129); (ii) Compass Environmental, Inc. (9637); and (iii) WRS Infrastructure & Environment, Inc. (0585). The address for all of the Debtors is 221 Hobbs Street, Suite 108, Tampa, Florida 33619.

## I.    Jurisdiction

1.    This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## II.    Background

2.    On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3.    The Debtors are operating their business and managing their affairs as debtors in possession.  11 U.S.C. §§ 1107(a) and 1108.

4.    WRS Holding owns 100% of the equity in each of WRS Infrastructure and Compass Environmental.   For over 28 years, the Debtors have provided high quality environmental, remediation and civil construction services with an experience, highly skilled technical and professional workforce.  The Debtors are headquartered in Tampa, FL, but have operations throughout the United States.

5.    For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

## III.    Relief Requested and Basis Therefor

6.    The Debtors seek approval of the rejection of the Contracts set forth on Exhibit A. The Debtors have determined, in their business judgment, that the Contracts are either unnecessary to the administration of the estates or burdensome because the Debtors are either unable to perform, or the cost to perform is greater than the benefit to the estates, that is, continued performance will result in the Debtors sustaining additional losses.

7.      Section 365(a) of the Bankruptcy Code allows a debtor, subject to approval of the bankruptcy court, to assume or reject any executory contract or unexpired lease.  *See Stewart Title Guaranty Co. v. Old Republic National Title Insurance Co.*, 83 F.3d 735, 741 (5th Cir. 1996). "'This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title,* 83 F.3d at 741 (quoting *In re Murexco Petroleum, Inc.,* 15 F.3d 60, 62 (5th Cir. 1994)). A debtor's decision to assume or reject an executory contract or unexpired lease is subject to the "business judgment" test. *Byrd v. Gardiner, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.,* 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005). The sole inquiry is whether assumption or rejection will benefit this estate. *See id*.

8.      In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an executory contract. *See Surfside Resort and Suites,* 325 B.R. at 469 ("A court may not substitute its judgment for that of a debtor unless the debtor's decision that 'rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.'") (quoting *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.)*, 756 F.2d 1043, 1047 (4th Cir. 1985)); *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an executory contract or unexpired lease. *See, e.g., NLRB v. Bildisco and Bildisco,* 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

9.    Because the Debtors will not profit from the continued performance under the Contracts, it necessarily follows that rejection of the Contracts as of the Petition Date is a decision made in the sound exercise of its business judgment, that is, a decision that will benefit the Debtors' estates.

WHEREFORE, the Debtors respectfully request entry of an Order in the form attached hereto as **Exhibit B** (i) approving the rejection of the Contracts effective as of the Petition Date, and (ii) granting such other relief as is just and proper.

Dated:  July 25, 2014                          Respectfully submitted,

                                               BERGER SINGERMAN LLP
                                               *Proposed Counsel for Debtors-in-Possession*
                                               1450 Brickell Avenue, Ste. 1900
                                               Miami, FL  33131
                                               Telephone: (305) 755-9500
                                               Facsimile:  (305) 714-4340
                                               and
                                               2650 North Military Trail, Ste. 240
                                               Boca Raton, FL 33431
                                               Telephone:  (561) 241-9500
                                               Facsimile:  (561) 998-0028

                                               By:   */s/ Jordi Guso*
                                                     Jordi Guso
                                                     Florida Bar No. 863580
                                                     jguso@bergersingerman.com
                                                     Paul Avron
                                                     Florida Bar No. 050814
                                                     pavron@bergersingerman.com

5827614-2

# EXHIBIT "A"
## (Rejected Contracts)

Subcontract Agreement (No. 213129S13) between WRS Infrastructure & Environment, Inc. (as subcontractor) and Archer Western Construction LLC (as contractor) dated May 24, 2012 [Project: USACE Picayune Strand Restoration, Miller Pumping Station, Collier County, FL]

Construction Agreement – Environmental Site Remediation between WRS Infrastructure & Environment, Inc. (as contractor) and New Jersey Natural Gas Company (as owner) dated August 15, 2012 [Project: Remediation of Block 400, Lot 6, 218 Seaview Avenue, Long Branch, NJ]

Subcontract Agreement between WRS Infrastructure & Environment, Inc. d/b/a WRScompass (as subcontractor) and MLP NJ Builders, LLC (as contractor) dated _____ ___, 2013 [Project: Work at real estate development located at 1000 Chevalier Avenue, Sayreville, NJ]

Subcontract Agreement (No. HPA 768-S2) between WRS Infrastructure & Environment, Inc. (as subcontractor) and Harry Pepper & Associates, Inc. (as contractor)—undated [Project: USACE Picayune Strand Restoration, Merritt Pumping Station, Collier County, FL]

Subcontract Agreement (No. 200) WRS Infrastructure & Environment, Inc. d/b/a WRScompass (as subcontractor) and Stride Contractors, Inc. (as contractor) dated November 2, 2010 [Project: Design and Build Waste Water Treatment Plants at Ft. Drum Service Plaza, Florida Turnpike]

5827614-2

**EXHIBIT "B"**
**(Proposed Order)**

5827614-2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11 Cases

WRS HOLDING COMPANY, *et al.*,[1]               Case No. 14-_____
                                                (Joint Administration Pending)

                    Debtors.
_____/

## ORDER GRANTING DEBTORS' EMERGENCY MOTION
## TO REJECT EXECUTORY CONTRACTS

**THIS MATTER** came before the Court on the _____ day of July, 2014 at _____

a.m./p.m. in Tampa, Florida upon the *Debtors' Emergency Motion to Reject Executory Contacts*

*as of the Petition Date* [ECF No. ___] (the "Motion"), filed by the above-captioned debtors

(collectively, the "Debtors"). The Motion seeks authority to reject the Contracts[2] identified on

the attached **Exhibit A** (collectively, the "Rejected Contracts"). The Court has jurisdiction over

the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Motion[3] is in the

best interests of the Debtors, their estates, and their creditors. Proper and adequate notice of the

Motion and the hearing thereon has been given and except as provided in this Order, no other or

further notice is necessary. Upon review of the record before the Court, good and sufficient

cause exists to grant the relief requested. Accordingly, it is

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) WRS Holding Company (2129); (ii) Compass Environmental, Inc. (9637); and (iii) WRS Infrastructure & Environment, Inc. (0585). The address for all of the Debtors is 221 Hobbs Street, Suite 108, Tampa, Florida 33619.

[2]   All capitalized terms used herein shall have the meaning ascribed to them in the Motion.

[3]   The Court hereby recognizes that the Debtors are not admitting that any parties listed on the Exhibit to the Motion are counter-parties to valid and enforceable existing contracts under State law.

5829970-1

**ORDERED** that:

1.      The Motion is **GRANTED**.

2.      The Debtors' rejection of the Contracts listed on **Exhibit A,** hereto is **APPROVED** as of the Petition Date, pursuant to 11 U.S.C. § 365(a).

**3.      Any counter party to the Rejected Contracts shall have fourteen (14) days from the date of this Order to file an objection to the relief granted herein.   If an objection is timely filed, the Court will consider the Motion *de novo*.  If no objection is timely filed, the Rejected Contracts shall be deemed rejected as of the Petition Date.**

**4.      ANY PROOF OF CLAIM BY ANY COUNTER-PARTY TO ANY OF THE REJECTED CONTRACTS FOR DAMAGES ARISING FROM THE REJECTION MUST BE FILED WITHIN THIRTY (30) DAYS AFTER THE ENTRY OF THIS ORDER.**

5.      The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

        **DONE** and **ORDERED** in Tampa, Florida on _____.


                                        _____
                                        Honorable
                                        United States Bankruptcy Judge


**Copy to Jordi Guso, Esq.**, Berger Singerman LLP, 1450 Brickell Ave., Suite 1900, Miami, FL 33131.