# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:                                                    CHAPTER 11

WRS HOLDING COMPANY., *et al.*,[1]                        Case No. 8:14-bk-08588-CPM

    Debtors.                              (Joint Administration Pending)

## MOTION TO LIFT THE AUTOMATIC STAY
## OF ARGONAUT INSURANCE COMPANY

Argonaut Insurance Company ("Argonaut") files this Motion to Lift the Automatic Stay and in support thereof states as follows:

### SUMMARY

The automatic stay should be lifted for cause under § 362(d)(1) of the Bankruptcy Code because the Debtors have rejected two of the bonded contracts. Argonaut will be called upon by these obligees to perform on the rejected contracts, as well as other bonded projects if the Debtors do not fully perform. Argonaut cannot proceed to honor its obligations under the bonds to facilitate completion of the rejected contracts or the projects on which the Debtors are not performing without relief from the stay.

Further, the automatic stay should be lifted under § 362(d)(2) of the Bankruptcy Code because (1) the rejected contracts are not necessary to the Debtors' reorganization; (2) the Debtors have no equity in the rejected contracts; and (3) any bonded contracts on

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) WRS Holding Company (2129); (ii) Compass Environmental, Inc. (9637); and (iii) WRS Infrastructure & Environment, Inc. (0585). The address for all Debtors is 221 Hobbs Street, Suite 108, Tampa, Florida 33619.

**ARGONAUT'S MOTION TO LIFT THE AUTOMATIC STAY**      1

which the Debtors fail to fully perform are not property of the bankruptcy estate under § 541 as the Supreme Court confirmed in *Pearlman v. Reliance Ins. Co.*[2]

## JURISDICTION & VENUE

1. This Court has jurisdiction over this Motion pursuant to U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## EVIDENCE

2. This Motion is supported by the Affidavit of Jaime S. Perkins, Esq. and accompanying exhibits, which is attached hereto as Exhibit "A."

## BACKGROUND

3. On July 25, 2014 (the "Petition Date"), WRS Infrastructure & Environment, Inc. ("WRSI") and WRS Holding Company (collectively, the "Debtors") filed petitions for relief under Chapter 11 of Tile 11 of the United States Code, 11 U.S.C. §§ 110-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida.[3]

4. Prepetition, WRSI was engaged in the business of providing environmental, remediation and civil construction services.[4]

5. Argonaut issued at least 27 performance, payment, contractor license, warranty, and other miscellaneous bonds (collectively, the "Bonds") on behalf of WRSI in connection with construction projects in over a dozen states: Florida, Texas, New

---

[2] 371 U.S. 132, 141-42 (1962).
[3] [Dkt. 1]
[4] *See* [Dkt. 8] at ¶ 12.

Jersey, Maryland, New York, Ohio, Alabama, Tennessee, Arkansas, Alabama, California, North Carolina, and Missouri. (the "Bonded Projects") with a collective penal sum in excess of $23 million.[5]

6. Argonaut issued the Bonds in consideration of the Debtors' execution and delivery to Argonaut of that certain *General Indemnity Agreement* ("Indemnity Agreement") on or about June 14, 2012, pursuant to which the Debtors agreed to, amongst other things, indemnify Argonaut from any losses suffered in connection with the Bonds.[6]

7. In their first day motions, the Debtors seek to reject two of Argonaut's bonded contracts (the "Rejected Contracts"), specifically:

> (a) Construction Agreement - Environmental Site Remediation between WRS Infrastructure & Environment, Inc. (as contractor) and New Jersey Natural Gas Company (as owner) dated August 15, 2012 [Project: Remediation of Block 400, Lot 6, 218 Seaview Avenue, Long Branch, NJ]; and
>
> (b) Subcontract Agreement between WRS Infrastructure & Environment, Inc. d/b/a WRScompass (as subcontractor) and MLP NJ Builders, LLC (as contractor) dated _____ ___, 2013 [Project: Work at real estate development located at 1000 Chevalier Avenue, Sayreville, NJ].[7]

Accordingly, Argonaut will be called upon by the obligees of these bonded projects to complete WRSI's contract obligations on the Rejected Contracts.[8]

8. The Debtors also indicate that they intend to liquidate some or substantially all of their assets.[9] Argonaut faces substantial exposure on the Bonds and,

---

[5] Ex. A at ¶ 3.
[6] Ex. A at ¶ 4.
[7] *See* [Dkt. 10] at Ex. A.
[8] Ex. A at ¶ 5.

upon information and belief, anticipates that WRSI will reject additional bonded contracts and/or fail to complete performance on some or all of the Bonded Projects and that Argonaut will be called upon by the Bonded Project obligees to perform.[10]

## ARGUMENTS & AUTHORITIES

9. Argonaut requests immediate relief from the automatic stay to allow it to facilitate completion of the Rejected Contracts, as well as any other Bonded Projects on which WRSI is not performing, to minimize delay and disruption to the projects and mitigate cost impacts.[11] Argonaut is entitled to relief from the automatic stay because "cause" exists pursuant to 11 U.S.C. § 362(d)(1) given the Debtors' rejection of the Rejected Contracts. Argonaut is also entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because (1) the Rejected Contracts are not necessary for the Debtors' reorganization; (2) the Debtors have no equity in the Rejected Contracts; and (3) the Debtors have no equity in any executory bonded contracts on which they fail to fully perform because such contracts are not property of the Estate due to the Debtors' nonperformance.

A.   *Cause Exists to Lift the Automatic Stay Due to the Debtors' Rejection of the Rejected Contracts*

10. The Bankruptcy Code provides that "the court shall grant relief from the stay . . . by terminating, annulling, modifying, or conditioning such stay . . . for cause." 11 U.S.C. § 362(d)(1). The term "cause" is not actually defined by the Bankruptcy Code; therefore, "courts often conduct a fact intensive, case-by-case balancing test, examining

---

[9] [Dkt. 8] at ¶ 6.
[10] Ex. A at ¶ 6.
[11] Ex. A at ¶ 7.

the totality of the circumstances to determine whether cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (D. Del. 2007). Here, cause exists for relief from the stay because the Debtors have rejected the Rejected Contracts.

11. As the Debtors do not intend to perform on the Rejected Contracts, completion will be left to Argonaut under its performance bonds. Argonaut thus seeks to minimize any delay in this transition period and mitigate the potential for liquidated damages or other delay damages by lifting the stay to allow completion of the Rejected Contracts.[12]

12. To the extent the Debtors reject other of Argonaut's bonded contracts during the course of this proceeding Argonaut requests that it immediately be granted stay relief with respect to any future rejected contracts without the need to seek additional relief from this Court.

**B.** ***The Automatic Stay Should be Lifted Because the Debtors Rejected Contracts are not Necessary to the Debtors' Reorganization and the Debtors Have No Equity in the Rejected Contracts or Any Bonded Projects on which They are not Performing***

13. In addition to modification of the stay for cause, relief is also appropriate if "the debtor does not have equity in such property; and such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). "Courts usually require that the debtor do more than manifest unsubstantiated hopes for a successful reorganization." *In re Midwest Properties of Shawano, LLC*, 442 B.R. 278, 285 (D. Del. 2010).

> i. *The Debtors have No Equity in the Rejected Contracts and the Bonded Contracts are Not Property of the Estate to the Extent of the Debtors' Rejection or Nonperformance*

---

[12] *See* Ex. A at ¶ 7.

14. The Rejected Contracts are not property of the Debtors' estate because the Debtors relinquished their property interest upon rejection of the contracts and Argonaut is responsible for performing the Debtors' obligations under the Rejected Contracts. *See* 11. U.S.C. § 365. Furthermore, the Debtors lack equity in the Rejected Contracts because, due to the Debtors' rejection, Argonaut will be called upon by the obligees to perform on the Rejected Contracts. *See Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 141-42 (1962). For the same reason, the Debtors' lack equity in any non-rejected bonded contracts on which they do not fully perform. *Id.*

15. The long-established equitable doctrine of subrogation "applies to sureties who have paid a debt due to a third party for which another was primarily liable." *Pearlman*, 371 U.S. at 141-42; *Henningsen v. U.S. Fidelity & Guar. Co.*, 208 U.S. 404, 411 (1908). Where the surety completes the contractor's obligations under the contractor's contract with the project owner, or fulfills the contractor's obligations to pay subcontractors or suppliers, the surety becomes subrogated to the rights of the party on whose behalf it has performed. *Travelers Casualty & Surety Co. of Am. v. Colonial School Dist.*, No. 18167, 2001 WL 287482 at *4-5 (Del. Ch. Mar. 16, 2001); *In re Modular Structures, Inc.*, 27 F.3d 72, 77-78 (3rd Cir. 1994); RESTATEMENT 3D OF SURETYSHIP & GUARANTEE § 27 (1996). Because of subrogation bonded contract funds do not become part of the bankruptcy estate. *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 136-37 (1962); *see also Am. States Ins. Co. v. United States*, 324 B.R. 600, 604-07 (N.D. Tex. 2005) ("*Pearlman* thus holds that a surety's equitable subrogation rights can

prevent retainage from becoming part of the bankruptcy estate . . . Because the [disputed funds] never enter [the bankruptcy] estate, the IRS's priority is immaterial.").

   ii. *The Rejected Contracts are Unnecessary to an Effective Reorganization*

  16. As the Debtors' chose not to assume the Rejected Contracts, they are unnecessary to the Debtors' reorganization. Further, as the Debtors have expressed their intent to liquidate some or substantially all of their assets, it appears that the Debtors are engaged in an organized liquidation of their assets, not a reorganization of their business operations. *See* [Dkt. 8] at ¶ 6. As a result, the bonded contracts are not necessary to an effective reorganization, and relief from the stay is warranted. 11 U.S.C. § 362(d)(2).

## REQUEST FOR RELIEF

  For the foregoing reasons, Argonaut Insurance Company respectfully requests that the Court enter an order granting Argonaut relief from the automatic stay so that the Rejected Contracts and any other Bonded Projects on which the Debtors do not fully perform can be completed and administered (whether by Argonaut, the obligees, or third parties) and for any such other and further relief to which it may be justly entitled.

           Respectfully Submitted,

Dated: July 29, 2014

           LANGLEY LLP

            /s/ Keith A. Langley
           Keith A. Langley (pro hac vice pending)
           Texas Bar No. 11919500)

        Gina D. Shearer (pro hac vice pending)
        Texas Bar No. 24068622
        901 Main Street, Suite 600
        Dallas, TX 75202
        Telephone:   (214) 722-7161
        Facsimile:    (214) 722-7160
        Email: klangley@lwllp.com
               gshearer@lwllp.com

        ATTORNEYS FOR ARGONAUT
        INSURANCE COMPANY