**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | CHAPTER 11 |
| WRS HOLDING COMPANY., *et al.*,[1] | Case No. 8:14-bk-08588-CPM |
| Debtors. | (Joint Administration Pending) |

**OBJECTION OF ARGONAUT INSURANCE COMPANY TO DEBTORS' EXPEDITED MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS (A) TO USE CASH COLLATERAL ON AN INTERIM BASIS PURSUANT TO 11 U.S.C. § 363, AND (B) TO GRANT ADEQUATE PROTECTION IN CONNECTION THEREWITH PURSUANT TO 11 U.S.C. § 361, 363 AND 507, AND (II) SCHEDULING A FINAL HEARNG UNDER BANKRUPTCY RULE 4001**

Argonaut Insurance Company ("Argonaut") files this Objection to the Debtors' Expedited Motion for Order (I) Authorizing the Debtors (A) to Use Cash Collateral on an Interim Basis Pursuant to 11 U.S.C. § 363, and (B) to Grant Adequate Protection in Connection Therewith Pursuant to 11 U.S.C. § 361, 363 and 507, and (II) Scheduling a Final Hearing under Bankruptcy Rule 4001 [Dkt. 22] (the "Cash Collateral Motion") and in support thereof states as follows:

**SUMMARY**

Debtors seek to reject two of Argonaut's bonded contracts in their first day motions and have expressed their intent to liquidate some or substantially all of their assets. Argonaut will be called upon by obligees to perform on the rejected contracts, as well as other bonded projects if the Debtors do not fully perform. In the event an interim

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) WRS Holding Company (2129); (ii) Compass Environmental, Inc. (9637); and (iii) WRS Infrastructure & Environment, Inc. (0585). The address for all Debtors is 221 Hobbs Street, Suite 108, Tampa, Florida 33619.

cash collateral order is entered by this Court, there should be no impact upon the rights of Argonaut. To the extent of the Debtors' default on the projects, the contract balances and any affirmative claims of the Debtors on the bonded projects do not constitute property of the Estate under Section 541 of the Bankruptcy Code. *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 136-37 (1962). Any cash collateral order should require segregation of proceeds that arise from or arose from bonded contracts and prohibit the Debtors' use of such funds. Further, the Debtors should be required to account for the $2.65 million of cash collateral they currently hold.

## BACKGROUND

1. Argonaut issued at least 27 performance, payment, contractor license, warranty, and other miscellaneous bonds on behalf of its principal, WRS Infrastructure & Environment, Inc. ("WRSI"), with a collective penal sum in excess of $23 million, for projects located in at least 13 states: Florida, Texas, New Jersey, Maryland, New York, Ohio, Alabama, Tennessee, Arkansas, Alabama, California, North Carolina, and Missouri.

2. Prior to executing any bonds, Argonaut required and obtained indemnity from WRSI and WRS Holding Company ("WRSHC") in a *General Indemnity Agreement* dated June 14, 2012.

3. In their first day motions, the Debtors seek to reject two of Argonaut's bonded contracts, specifically:

>   (a) Construction Agreement - Environmental Site Remediation between WRS    Infrastructure & Environment, Inc. (as contractor) and New Jersey Natural Gas  Company (as owner)

    dated August 15, 2012 [Project: Remediation of Block 400,   Lot 6, 218 Seaview Avenue, Long Branch, NJ]; and

 (b) Subcontract Agreement between WRS Infrastructure & Environment, Inc. d/b/a WRScompass (as subcontractor) and MLP NJ Builders, LLC (as contractor) dated _____ ___, 2013 [Project: Work at real estate development located at 1000 Chevalier Avenue, Sayreville, NJ].

*See* [Dkt. 10] at Ex. A. Accordingly, Argonaut will be called upon by the obligees of these bonded projects to complete WRSI's contract obligations.

 4. Argonaut lacks sufficient knowledge to determine whether WRSI is performing its obligations on the remaining bonded projects; however, given the Debtors' stated intent to liquidate some or substantially all of their assets, Argonaut anticipates that WRSI is not performing or does not intend to complete performance on some or all of the non-rejected bonded projects and that Argonaut will be called upon by the bonded project obligees to perform. *See* [Dkt. 8] at ¶ 6.

## ARGUMENTS & AUTHORITIES

### A. *Argonaut's Right to the Contract Receivables is Superior to the Interest of the Debtors*

 5. The U.S. Supreme Court gave force to the doctrine of equitable subrogation in its seminal case of *Pearlman v. Reliance Insurance Company* when it determined that the surety had a greater right to contract balances than the bankruptcy trustee who was overseeing the estate of the contractor. *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 136-37 (1962). Relying on the aforementioned principal that "a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed," the Supreme Court determined that the surety held a superior

right to the contract balances because the contract balances never became property of the bankruptcy estate. *Id.*; *see also Am. States Ins. Co. v. United States*, 324 B.R. 600, 604-07 (N.D. Tex. 2005) ("*Pearlman* thus holds that a surety's equitable subrogation rights can prevent retainage from becoming part of the bankruptcy estate . . . Because the [disputed funds] never enter [the bankruptcy] estate, the IRS's priority is immaterial."). The surety's equitable subrogation rights have since repeatedly been acknowledged by Florida and the Eleventh Circuit. *In re Cone Constructors, Inc.*, 265 Bankr. 302, 310 (Bankr. M.D. Fla. 2001); *In re Caddie Constr. Co.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991); *Sch. Bd. v. J.V. Constr. Corp.*, No. 03-60006-CIV, 2004 U.S. Dist. LEXIS 9815 at 54 (S.D. Fla. Apr. 23, 2004).

**B.     The Bonded Contract Proceeds Constitute Trust Funds and Are Not Property of the Estate**

6.     Furthermore, some of the bonded projects are in states such as Texas. Texas and many other states have trust fund statutes. These statutes provide that any payments made to a contractor, such as WRSI, under a construction contract are trust funds to be held for the benefit of anyone who supplies labor or materials on the project. *See* TEX. PROP. CODE. § 162.001, *et seq.*; *see also* N.J. STAT. ANN. § 2A:44-148; MD. CODE ANN., REAL PROP. §§ 9-201, *et seq.*; N.Y. LIEN LAW §70-91-a.

7.     It is well-settled that a debtor "does not own an equitable interest in property he holds in trust for another" and that, therefore, such funds held in trust are "not 'property of the estate.'" *Begier v. IRS*, 496 U.S. 53, 60 (1990); 11 U.S.C. § 542(d); 5 COLLIER ON BANKRUPTCY P 541.28. Accordingly, the bonded contract proceeds are not

property of the Debtors' estate and must be excluded from the relief sought by the Debtors in the Cash Collateral Motion.

C.  ***The Debtors Fail to Acknowledge or Protect the Sureties' Subrogation Rights or Segregate the Bonded Contract Proceeds***

8.  The Cash Collateral Motion states that "[n]o other entity [other than the Agent[2] and Lenders] has an interest in the Cash Collateral." [Dkt. 22] at ¶ 4.b. The Cash Collateral Motion fails to acknowledge or implement adequate means to protect Argonaut's interest in the bonded contract funds. Argonaut objects to the entry of any order that does not require segregation of cash collateral arising from bonded projects and prohibit the Debtors' use of such funds.

D.  ***Request for an Accounting***

9.  The Cash Collateral Motion indicates that as of the Petition Date, the Debtors hold approximately $2.6 million in Cash Collateral. [Dkt. 22] at ¶ 4.a. Argonaut requests that the Debtors be made to account for the Cash Collateral currently held so that Argonaut may ascertain which of the funds held by the Debtors are bonded contract funds that need to be segregated and protected from use.

**REQUEST FOR RELIEF**

For the foregoing reasons, Argonaut objects to the relief requested in the Debtors' Cash Collateral Motion to the extent the Debtors' seek entry of an order that does not

---

[2] Capitalized terms used herein and not herein defined are ascribed the meaning given to them in the Cash Collateral Motion.

require segregation of cash collateral arising from bonded projects and prohibits the Debtors' use of such funds. Argonaut further requests that the Court order the Debtors to account for all cash collateral currently held.

Respectfully Submitted,

Dated: July 29, 2014

LANGLEY LLP

/s/ Keith A. Langley

Keith A. Langley (*pro hac vice pending*)
Texas Bar No. 11919500
Gina D. Shearer (*pro hac vice pending*)
Texas Bar No. 24068622
901 Main Street, Suite 600
Dallas, TX 75202
Telephone:    (214) 722-7161
Facsimile:    (214) 722-7160
Email: klangley@lwllp.com
          gshearer@lwllp.com

ATTORNEYS FOR ARGONAUT
INSURANCE COMPANY